RuffiN, Chief-Jus tice.
 

 After stating the case proceeded:
 

 The exception of the defendant
 
 Samuel H. Smith,
 
 executor of
 
 Samuel Smith
 
 the younger, which raises the question whether the gift of the negro woman
 
 Jhney
 
 is valid or not, must be wholly overruled. The writing is not under seal, and- the possession did not accompany it. The slave was then and for many years afterwards held-by the widow, and could not be delivered. A gift is not effectual, unless it be made by deed or delivery. As to the voluntary confirmation of the release on their part, by the defendants
 
 Maurice
 
 and
 
 James W.
 
 they will doubtless act on it between themselves and their brothers family. But it is not the subject of judicial cognizance in the distribution of the estate by decree. The money is still, in law, the property of those to whom the testator gave it.
 

 To the charges of interest in the account reported by the master, the defendant
 
 Maurice
 
 has put in an exception which we think must be allowed. It could not have been the expectation or wish of any of the parties, that the small sum of $290 89 cents should be distributed amongst ten legatees before a general settlement; and the executor might therefore very properly not offer it. As to the larger sum received from the mother’s administrator, it stands upon a different ground. It came to the defendant’s hands pending this suit for it, and it
 
 *538
 
 was reasonable tliat the executor should keep it to answer the decreee. He made no resistance to the account and has excepted to no part of the report but the charges of interest. He ought not to be charged interest on the money which he ought to have kept, and as far as appears did keep, until the rights of the parties could be ascertained. It does not appear upon what ground the charge of Jg] 1 96 cents, for interest on a debt of
 
 William Smith,
 
 is made by the master against
 
 Maurice
 
 Smith.— There is no evidence relative to it, and therefore the account must also be corrected in that respect.
 

 After allowing the exception of the defendant
 
 Maurice,
 
 and reforming the report accordingly, the report and account must in all other respects stand confirmed.
 

 There arises however upon the making of the decree, another question upon the subject of interest, which in our opinion, is against the executor
 
 Maurice.
 
 Upon the coming in of the report at September term, 1832, an order was made that the defendants might pay into court such money,as they might admit to be due the estate, and without prejudice to the rights of any of the parties as to their shares. This defendant had then an opportunity of discharging himself from further responsibility, and upon the paying in of the money, the court might have ordered at least a partial distribution. He has not availed himself of the leave granted to .him, and we must presume that he has retained the money, cither for his own use, or
 
 male Jide,
 
 for the purpose of depriving the owners of the use of it, and in. either case it is just that lie should pay interest since that time. The decree will accordingly be that the shares of each shall carry interest from September 1832, until paid. The costs had nearly all accrued before that order; and as no default in the executor prior to that time appears, it is proper that the fund should answer the costs; and therefore they must be paid equally by all the parties out of their shares.
 

 Per Curiam. — Overrule the exception of the defendant
 
 Samuel II. Smith,
 
 and sustain that of the defendant
 
 Maurice Smith,
 
 and decree according to the report of-
 
 *539
 
 Hie master thus corrected, allowing interest on each of the shares from September term, 1832, of the Superior court for Granville, till paid j all the costs of plaintiffs and defendants to be paid equally by the parties interested in the estate.